■ ELANA B. LUBIT, Respondent, v ROY H. LUBIT, Appellant. [885 NYS2d 492]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered September 19, 2007, after a nonjury trial, which, to the extent appealed from, as limited by the briefs, granted plaintiff custody of the parties' children and denied defendant's request for joint custody, unanimously affirmed, without costs.

The court's determination awarding custody to the mother with liberal visitation privileges to the father was based on a thoughtful assessment of the testimony of the parties and the court-appointed forensic expert, and has a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]; cf. Mohen v Mohen, 53 AD3d 471 [2008], lv denied 11 NY3d 710 [2008]; Matter of Rebecca B., 204 AD2d 57 [1994], lv denied 84 NY2d 808 [1994]). The evidence demonstrates that the acrimony and mistrust that marks the parties' relationship makes joint custody a nonviable option (see Braiman v Braiman, 44 NY2d 584, 589-590 [1978]; Trapp v Trapp, 136 AD2d 178, 181-183 [1988]). An attempt at joint custody that the parties negotiated failed when appellant unreasonably insisted that the parties share custody on such a strictly equal basis that for several months the three children, ages two to eight, alternated daily between their parents' residences. A detailed alternative worked out with a law guardian also failed. The parties were unable to coparent because they were openly hostile to each other and, without drawn-out negotiations, could not reach agreement on any decisions with respect to their children, including important matters involving education, extracurricular activities and medical care.

The court properly found that the interests of the young children will best be served by awarding sole custody to the mother because her style of parenting is more nurturing and conducive to the children's emotional and intellectual development, and because she was the children's primary caretaker before this litigation commenced. Although the court found that the father is a loving, committed parent, it also found that his parenting skills had significant shortcomings. Among other things, the father demonstrated excessive anxiety about the children's physical well-being, and was inflexible in his response to the children's needs.

Contrary to the father's position, the testimony of the expert

was admissible since the expert opinion was primarily based upon direct knowledge derived from the expert's psychiatric interviews of the parties and their children, alone and in combination (*see Balsz v A & T Bus Co.*, 252 AD2d 458 [1998]). To the extent that the expert's report and testimony may have incorporated inadmissible hearsay, we find that the admissible evidence in the record, including the portion of the expert's report that did not include hearsay, was sufficient to support the trial court's conclusion, and we would independently reach the same result based on the unobjectionable portions of the record. Although the court should have stricken the hearsay aspects of the expert's written report, admitting it did not constitute reversible error.

Finally, the court did not treat the law guardian as an unsworn witness by briefly referring to her opinion as to custody and her basis for it. Rather, the court appropriately took notice of the position that the law guardian had taken as an advocate on the children's behalf (*see Bluntt v O'Connor*, 291 AD2d 106, 117 [2002], *lv denied* 98 NY2d 605 [2002]).

We have considered the father's additional arguments and find them without merit. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.