■ In the Matter of DOMINIQUE LARISSA BLUE M., Also Known as DOMINIQUE LA'RISSA B. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YASMIN M., Appellant. (Proceeding No. 1.) In the Matter of CASEY M., Also Known as CASEY JEREMIAH M.-D., Jr. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YASMIN M., Appellant. (Proceeding No. 2.) In the Matter of CASON M., Also Known as CASON JOSHUA M.-D. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YASMIN M., Appellant. (Proceeding No. 3.) [923 NYS2d 332]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of mental illness, the mother appeals, as limited by her brief, from three orders of fact-finding and disposition (one as to each child) of the Family Court, Nassau County (Dane, J.), two dated February 18, 2010, and one dated February 24, 2010, which, after a fact-finding hearing, found that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

As a threshold matter, we agree with the mother that the Family Court erred in admitting into evidence, in its entirety, the forensic psychological evaluation prepared by the court-appointed psychologist who evaluated her as part of the instant proceedings insofar as it included some inadmissible hearsay. However, under the circumstances, such error was harmless

(*see Matter of Lindsay N.*, 300 AD2d 216 [2002]; *Barracato v Camp Bauman Buses*, 217 AD2d 677, 678 [1995]; *see generally Green Is. Assoc. v Lawler, Matusky & Skelly Engrs.*, 170 AD2d 854, 857 [1991]).

Further, there was clear and convincing evidence to support the Family Court's determination that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children (*see* Social Services Law § 384-b [4] [c]; *Matter of Tamaine William B.*, 38 AD3d 767 [2007]). In particular, after testing and interviewing the mother and reviewing certain of her records, the court-appointed psychologist testified that the mother suffers from schizoaffective disorder, bipolar type, and that, in his opinion, inter alia, due to the chronic nature of the illness, serious and enduring deficits in her ability to parent, her lack of insight about her illness and ability to parent, her need for consistent mental health intervention, and the inability of her symptoms to be managed to the point that she can properly and adequately care for the children, the mother is presently and for the foreseeable future unable, by reason of mental illness to provide proper and adequate care for the subject children. The foregoing evidence supported the Family Court's determination (*see Matter of Sean Roni M.*, 35 AD3d 473 [2006]; *Matter of Karyn Katrina D.*, 19 AD3d 592 [2005]; *Matter of Michael W.*, 15 AD3d 670 [2005]; *Matter of Winston Lloyd D.*, 7 AD3d 706 [2004]; *Matter of Nina D.*, 6 AD3d 702, 703 [2004]; *Matter of Jon C.*, 305 AD2d 592 [2003]; *Matter of Heather Rose R.*, 301 AD2d 530 [2003]; *Matter of Pariis L.*, 286 AD2d 501 [2001]).

The mother's remaining contentions are without merit. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.