■ In the Matter of PRINCE X.R. SCO FAMILY OF SERVICES et al., Respondents; VERONICA R., Appellant. [998 NYS2d 911]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.), dated March 11, 2014. The order, after fact-finding and dispositional hearings, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated the mother's parental rights, and transferred the guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner SCO Family of Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly found that there was clear and convincing evidence that the appellant mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]). A court-appointed psychologist, who interviewed the mother and reviewed relevant records, including medical records, testified that the mother had a long history of psychiatric problems and suffered from chronic bipolar disorder, and that her condition would likely persist into the foreseeable future. That psychologist opined that, if the subject child were returned to the mother, the child would be at risk of being neglected due to the nature of the mother's illness (*see Matter of Christina L.N. [Louica J.]*, 113 AD3d 777, 777-778 [2014]; *Matter of Alexander James R.*, 48 AD3d 820, 820-821 [2008]; *Matter of Nina D.*, 6 AD3d 702, 703 [2004]; *Matter of Laura D.*, 270 AD2d 260, 261 [2000]). Contrary to the mother's contentions, the court-appointed psychologist's findings were not contradicted by those made by a psychiatrist who interviewed the mother approximately two months before the hearing, and the Family Court did not err in deferring to the opinion of the court-appointed psychologist. Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.