In the Matter of DIVINITY I.H. Children's VILLAGE, Respondent; GEORGE T.J. et al., Appellants. (Proceeding No. 1.) In the Matter of DARLING A.H. Children's VILLAGE, Respondent; GEORGE T.J. et al., Appellants. (Proceeding No. 2.) In the Matter of DANIEL I.H. Children's VILLAGE, Respondent; GEORGE T.J. et al., Appellants. (Proceeding No. 3.) [19 NYS3d 312]—

Appeals from three orders of fact-finding and disposition of the Family Court, Queens County (Margaret Parisi McGowan, J.) (one as to each child), one dated July 2, 2014, and two dated July 15, 2014. The orders, after a fact-finding and dispositional hearing, found that the mother and father were each presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the three subject children, terminated their parental rights, and transferred the guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the petitioner, Children's Village, for the purpose of adoption.

Ordered that the three orders of fact-finding and disposition are affirmed, without costs or disbursements.

Terminating parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the child by reason of the parent's mental illness (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d 39 [1985]; *Matter of Karyn Katrina D.*, 19 AD3d 592 [2005]).

Here, a court-appointed psychologist, who interviewed the

mother and reviewed relevant records, including medical records, testified that the mother had a long history of psychiatric problems and suffered from schizoaffective bipolar disorder. Another court-appointed psychologist interviewed the father and reviewed extensive medical records and diagnosed the father with paranoid schizophrenic mental illness and low mental functioning. The psychologists opined that the subject children were at risk of being neglected if they were returned to the parents' care due to the nature of the parents' mental illnesses.

Contrary to the parents' contentions, the Family Court properly found that there was clear and convincing evidence that each of them is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children, and terminated their parental rights (*see* Social Services Law § 384-b [4] [c]; *Matter of Prince X.R. [Veronica R.]*, 124 AD3d 899 [2015]; *Matter of Christina L.N. [Louica J.]*, 113 AD3d 777, 777-778 [2014]; *Matter of Tyler M.J. [Adrianna J.]*, 104 AD3d 768 [2013]; *Matter of B. Mc. [Dawn Mc.]*, 99 AD3d 713, 714 [2012]; *Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 963 [2011]; *Matter of Karyn Katrina D.*, 19 AD3d 592, 593 [2005]; *Matter of Winston Lloyd D.*, 7 AD3d 706 [2004]). Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.