■ In the Matter of BRUCE P. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JANE Z., Appellant. [29 NYS3d 536]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Andrew P. Bivona, J.), dated December 29, 2014. The order, after a fact-finding hearing, found that the mother was presently, and for the foreseeable future, unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated the mother's parental rights, and transferred the guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed.

Jane Z. (hereinafter the mother) is the mother of the subject child, Bruce P., and the child Chloe S. (*see Matter of Chloe S.*

*[Jane Z.]*, 138 AD3d 867 [2016] [decided herewith]). In July 2014, the Orange County Department of Social Services (hereinafter the DSS) filed a petition to terminate the mother's parental rights, alleging that a mental illness rendered her incapable of caring for the subject child, both presently and for the foreseeable future. Several months prior to a fact-finding hearing, the Family Court directed the mother to submit to an examination by a court-appointed psychiatrist in connection with a separate termination of parental rights proceeding involving Chloe S. (*see* Social Services Law § 384-b [6] [c], [e]). The psychiatrist subsequently met with the mother for approximately two hours and wrote a forensic report. In addition to his interview with the mother, the psychiatrist also reviewed a number of the mother's records including, among other things, mental health treatment records, medical records, and records regarding the mother's supervised visits. The psychiatrist provided his own description of these records in a separate section of the forensic report titled "collateral data."

At the fact-finding hearing, the DSS sought to have the entire forensic report admitted into evidence. The mother objected to the admission of the forensic report which contained the psychiatrist's description of the collateral data. However, the Family Court overruled the mother's objection and the forensic report was admitted into evidence in its entirety. At the conclusion of the fact-finding hearing, the Family Court found that the mother was presently, and for the foreseeable future, unable to provide the subject child with proper and adequate care due to the existence of a mental illness. The court terminated the mother's parental rights and transferred guardianship and custody of the subject child to the DSS. The mother appeals.

The mother's contention relating to an order dated February 13, 2013, directing the subject child's temporary removal pursuant to Family Court Act § 1022, is not reviewable, as that order was superseded by an order of fact-finding and disposition entered June 4, 2013 (*see Matter of Angelique L.*, 42 AD3d 569, 570-571 [2007]; *Matter of John S.*, 26 AD3d 870 [2006]; *Matter of Joyce SS.*, 245 AD2d 962 [1997]). "Inasmuch as a final order of disposition has been entered, any appeal from the temporary order of removal is moot" (*Matter of Joyce SS.*, 245 AD2d at 962).

We agree with the mother that some parts of the forensic report constituted inadmissible hearsay, and the Family Court erred in admitting those parts into evidence. However, under the circumstances, the error was harmless (*see Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 962

[2011]; *Matter of Lindsay N.*, 300 AD2d 216 [2002]; *see generally Lubit v Lubit*, 65 AD3d 954, 955-956 [2009]).

The testimony of the psychiatrist was admissible since his expert opinion was primarily based upon his direct knowledge derived from his personal evaluation of the mother. After testing and interviewing the mother, the psychiatrist testified that the mother suffers from bipolar disorder, and that, in his opinion, because of, inter alia, her inability to properly care for her children, her failure to take her medication as prescribed, her lack of insight into the limitations caused by her bipolar disorder, her frustration in dealing with her children, her lack of basic parenting skills, and her ongoing homelessness, the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child. The Family Court also heard testimony from the mother and foster care worker, which confirmed and supported the psychiatrist's testimony and opinion. Thus, there was clear and convincing evidence to support the court's determination that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of Dominique Larissa Blue M.*, 84 AD3d at 962).

The mother's remaining contentions are without merit. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.