■ In the Matter of CHLOE S. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JANE Z., Appellant. [29 NYS3d 532]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Andrew P. Bivona, J.), entered August 20, 2014. The order, after a fact-finding hearing, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated the mother's parental rights, and transferred the guardianship and custody of the subject child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

Jane Z. (hereinafter the mother) is the mother of the subject child, Chloe S., and the child Bruce P. (*see Matter of Bruce P.*, 138 AD3d 864 [2016] [decided herewith]). In February 2014, the Orange County Department of Social Services (hereinafter the DSS) filed a petition to terminate the mother's parental rights with respect to the subject child, alleging that a mental illness rendered her incapable of caring for the subject child, both presently and for the foreseeable future. Prior to the fact-finding hearing, the Family Court directed the mother to submit to an examination by a court-appointed psychiatrist (*see* Social Services Law § 384-b [6] [c]). The psychiatrist subsequently met with the mother for approximately two hours and wrote a forensic report. In addition to his interview with the mother, the psychiatrist also reviewed a number of the mother's records including, inter alia, mental health treatment records, medical records, and records regarding the mother's supervised visits. The psychiatrist provided his own description of these records in a separate section of the forensic report called "collateral data."

At the fact-finding hearing, the DSS sought to have the entire forensic report admitted into evidence. While the mother consented to admit the portions of the forensic report containing the psychiatrist's observations and conclusions, she objected to the collateral data section and requested that it be redacted prior to admission. However, the Family Court overruled the mother's objection and the forensic report was admitted into evidence in its entirety. At the conclusion of the fact-finding hearing, the Family Court found that the mother was presently, and for the foreseeable future, unable to provide the subject child with proper and adequate care due to the existence of a mental illness. As a result, the Family Court terminated the mother's parental rights and transferred guardianship and custody of the subject child to the DSS. The mother appeals.

As a threshold matter, we agree with the mother that some parts of the forensic report constituted inadmissible hearsay, and the Family Court erred in admitting those portions into evidence. However, under the circumstances, the error was harmless (*see Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 962 [2011]; *Matter of Lindsay N.*, 300 AD2d 216 [2002]; *see generally Lubit v Lubit*, 65 AD3d 954, 955-956 [2009]).

The testimony of the psychiatrist was admissible since his expert opinion was primarily based upon his direct knowledge derived from his personal evaluation of the mother. After testing and interviewing the mother, the psychiatrist testified that the mother suffers from bipolar disorder, and that, in his opinion, because of, among other things, her inability to properly care for her children, her failure to take her medication as prescribed, her lack of insight into the limitations caused by her bipolar disorder, her frustration in dealing with her children, her lack of basic parenting skills, and her ongoing homelessness, the mother is presently and for the foreseeable future unable, by reason of mental illness to provide proper and adequate care for the subject child. The Family Court also heard testimony from the mother and foster care worker which confirmed and supported the psychiatrist's testimony and opinion. Thus, there was clear and convincing evidence to support the Family Court's determination that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d at 962).

The mother's remaining contentions are without merit. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.