▮ In the Matter of DIEURISON T. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEAN T. et al., Appellants. [59 NYS3d 76]—

Appeal by the mother, and separate appeal by the father, from an order of fact-finding and disposition of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated February 22, 2016. The order, after a fact-finding hearing, found that the mother and the father were presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated the mother's and the father's parental rights, and transferred the guardianship and custody of the subject child to the Westchester County Department of Social Services.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

A court-appointed psychologist interviewed and tested the mother and concluded that she suffers from schizoaffective disorder and posttraumatic stress disorder. The psychologist opined that due to, among other things, the mother's acute mental health distress and history of noncompliance with treatment, the mother is presently unable to provide proper and adequate care for the subject child. A licensed psychiatrist interviewed the father and reviewed certain of his medical records. The psychiatrist determined that the father suffers from schizophrenia, paranoid type. The psychiatrist testified that the father lacked insight into his mental illness, and that his prognosis for remedying his mental illness was poor. The evidence provided by the psychologist and the psychiatrist, respectively, established by clear and convincing evidence that the mother and the father are presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (*see* Social Services Law § 384-b

[4] [c]; *Matter of Chloe S. [Jane Z.]*, 138 AD3d 867, 868 [2016]; *Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 963 [2011]). Accordingly, the Family Court properly terminated the parental rights of the mother and the father on the ground of mental illness.

In light of our determination, the parties' remaining contentions have been rendered academic. Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.