Matter of Dieucothaaam P.T. (Laiwens M.) (2018 NY Slip Op 02635)





Matter of Dieucothaaam P.T. (Laiwens M.)


2018 NY Slip Op 02635


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07001
 (Docket Nos. B-6285-16, B-6287-16)

[*1]In the Matter of Dieucothaaam P. T. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Laiwens M. (Anonymous), appellant, et al., respondent.


Helene M. Greenberg, Elmsford, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for petitioner-respondent.
Elizabeth Guerin, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated November 9, 2016. The order of fact-finding and disposition, insofar as appealed from, granted the motion of the Westchester County Department of Social Services for summary judgment on that branch of its petition which was to terminate the mother's parental rights as to the subject child on the basis of mental illness, and transferred the custody and guardianship of the child to the Westchester County Department of Social Services for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Laiwens M. (hereinafter the mother) is the mother of Dieurison T. and the subject child, Dieucothaaam P. T. In 2015, the Westchester County Department of Social Services (hereinafter the petitioner) filed a petition to terminate the mother's parental rights as to Dieurison T., alleging that a mental illness rendered her incapable of caring for Dieurison T., both presently and for the foreseeable future. In July 2015, the mother was evaluated by a court-appointed [*2]psychologist who later testified at the fact-finding hearing. At the conclusion of the fact-finding hearing, the Family Court found that the mother suffered from mental illness and, by reason of that mental illness, was presently and for the foreseeable future unable to provide proper and adequate care for Dieurison T. The court terminated the mother's parental rights as to Dieurison T. and transferred custody of Dieurison T. to the petitioner and, on appeal, this Court affirmed (Matter of Dieurison T. [Jean T.], 152 AD3d 609).
In May 2016, the petitioner filed a petition, inter alia, to terminate the mother's parental rights as to the subject child. That petition alleged that the mother was mentally ill and that she had permanently neglected the subject child. The petitioner then moved for summary judgment, contending that the recent finding of mental illness made by the Family Court in the termination of parental rights proceeding concerning Dieurison T. conclusively established that the mother is mentally ill for the purpose of the instant proceeding. In opposition, the mother submitted the affirmation of her attorney, who argued that the mother had been in "consistent treatment" and, "[u]pon information and belief," "ha[d] done no act which has presented as a danger or shown any neglect to her son while visiting with the infant." The Family Court, without holding a hearing or ordering a new psychological evaluation, granted the petitioner's motion for summary judgment.
The Family Court properly granted the petitioner's motion for summary judgment. The evidence submitted by the petitioner established, prima facie, that the mother was presently, and would continue for the foreseeable future to be, unable to provide proper and adequate care for the subject child by reason of her mental illness (see Matter of Summer SS. [Thomas SS.], 139 AD3d 1118; Matter of Bruce P., 138 AD3d 864; Matter of Majerae T. [Crystal T.], 74 AD3d 1784; Matter of P.E.G., 5 Misc 3d 1029[A], 2004 NY Slip Op 51611[U] [Fam Ct, Nassau County 2004]). Contrary to the mother's contention, the court was not required to order a new mental health evaluation (see Matter of Bruce P., 138 AD3d 864; Matter of Majerae T. [Crystal T.], 74 AD3d 1784; Matter of P.E.G., 5 Misc 3d 1029[A], 2004 NY Slip Op 51611[U]). In opposition to the petitioner's prima facie showing, the mother failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The mother's remaining contentions are without merit.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court