Matter of David A. H. (George T. J.) (2018 NY Slip Op 05040)





Matter of David A. H. (George T. J.)


2018 NY Slip Op 05040


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-01416
2017-01417
 (Docket Nos. B-15921-14, B-6902-16)

[*1]In the Matter of David A. H. (Anonymous). Children's Village, respondent; George T. J. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Dorie M. H. (Anonymous). Children's Village, respondent; George T. J. (Anonymous), et al., appellants. (Proceeding No. 2)


Adewole Agbayewa, Fresh Meadows, NY, for appellant George T. J.
Daniel E. Lubetsky, Jamaica, NY, for appellant Charvella A. H.
Law Offices of James M. Abramson, PLLC, New York, NY, for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father and the mother separately appeal from two orders of fact-finding and disposition of the Family Court, Queens County (Marybeth S. Richroath, J.) (one as to each child), dated January 9, 2017. The orders, after a fact-finding hearing, found that the father and the mother were each presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children, terminated their parental rights, and transferred the guardianship and custody of the children to the Commissioner of Social Services of the City of New York and the petitioner, Children's Village, for the purpose of adoption.
ORDERED that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
Terminating parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the child by reason of the parent's mental illness (see Social Services Law § 384-b[4][c]; Matter of Joyce T., 65 NY2d 39; Matter of Divinity I.H. [George T.J.], 133 AD3d 601, 601-602; Matter of Karyn Katrina D., 19 [*2]AD3d 592).
Here, a court-appointed psychologist, who interviewed the mother and reviewed relevant records, including medical records, testified that the mother had a long history of psychiatric problems and suffered from schizoaffective bipolar disorder. Another court-appointed psychologist interviewed the father and reviewed extensive medical records and diagnosed the father with paranoid schizophrenic mental illness and low mental functioning. The psychologists opined that the subject children were at risk of being neglected if they were returned to the parents' care due to the nature of the parents' mental illnesses.
Contrary to the parents' contentions, the record supports the Family Court's finding that there was clear and convincing evidence that each of them is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children, and terminated their parental rights (see Social Services Law § 384-b[4][c]; Matter of Divinity I.H. [George T.J.], 133 AD3d at 601; Matter of Prince X.R. [Veronica R.], 124 AD3d 899; Matter of Christina L.N. [Louica J.], 113 AD3d 777, 777-778; Matter of Tyler M.J. [Adrianna J.], 104 AD3d 768; Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 714; Matter of Dominique Larissa Blue M. [Yasmin M.], 84 AD3d 962, 963; Matter of Karyn Katrina D., 19 AD3d at 592-593; Matter of Winston Lloyd D., 7 AD3d 706).
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court