Matter of Quaiza S.P. (Sean S.) (2019 NY Slip Op 00281)





Matter of Quaiza S.P. (Sean S.)


2019 NY Slip Op 00281


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-12576
 (Docket Nos. B-9546-16, B-9548-16)

[*1]In the Matter of Quaiza S.P. (Anonymous). Westchester County Department of Social Services, respondent; Sean S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Disneey C. (Anonymous). Westchester County Department of Social Services, respondent; Sean S. (Anonymous), appellant. (Proceeding No. 2)


John R. Lewis, Sleepy Hollow, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz and Allison E. Burke of counsel), for respondent.
Maria J. Frank, Yorktown Heights, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Arlene E. Katz, J.), entered November 3, 2017. The order, after a fact-finding hearing, found that the father was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject children, and terminated his parental rights.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner, Westchester County Department of Social Services (hereinafter the agency), commenced these proceedings to terminate the father's parental rights. After a fact-finding hearing, the Family Court found that the father is presently and for the foreseeable future unable, by reason of mental illness, to care for the children. The father's parental rights were terminated, and the father appeals.
Contrary to the father's contentions, the agency established by clear and convincing evidence that he is unable to properly and adequately care for his children, now and in the foreseeable future, by reason of mental illness (see Social Services Law § 384-b[3][g]; Social Services Law § 384-b[4][c]; Matter of Abigail M.-W. [Yaiesha M.], 163 AD3d 672, 673; Matter of Divinity I.H. [George T.J.], 133 AD3d 601). The agency presented the uncontroverted testimony of a court-appointed psychiatrist who, after interviewing the father and reviewing his extensive [*2]hospitalization records, diagnosed him with "a serious and chronic psychiatric illness that likely is Schizoaffective Disorder, a disorder that includes psychotic symptoms of hallucinations, delusions or both, along with periods of depression." The expert also testified to the father's multiple hospitalizations, all occurring within the previous three years, related to his depression and suicidal/homicidal ideation, as well as his history of medical noncompliance, his circular and illogical thinking, his impaired judgment and lack of insight into his condition, and his inability to care for himself. The expert opined, unequivocally, that the father is unable to parent his children at this time, and in the foreseeable future, because he must focus on keeping himself well and stable first and foremost. Furthermore, the father's claims of sustained medical compliance are belied by his medical records.
Accordingly, we agree with the Family Court's determination that the agency established by clear and convincing evidence that the father is presently and for the foreseeable future unable, by reason of mental illness, to care for his two children (see Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696, 697; Matter of Bruce P., 138 AD3d 864, 866; Matter of Alexander James R., 48 AD3d 820).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court