Matter of Elijah L. J. (LaToya J.) (2019 NY Slip Op 05131)





Matter of Elijah L. J. (LaToya J.)


2019 NY Slip Op 05131


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03827
 (Docket Nos. B-18859-14, B-18860-14, N-23295-16)

[*1]In the Matter of Elijah L. J. (Anonymous). SCO Family of Services, respondent; LaToya J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Jeremiah L. J. (Anonymous). SCO Family of Services, respondent; LaToya J. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Azariah J. (Anonymous). Administration for Children's Services, respondent; LaToya J. (Anonymous), appellant. (Proceeding No. 3)


Tammi D. Pere, Jamaica, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for SCO Family of Services, respondent in Proceeding Nos. 1 and 2.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Elina Druker of counsel), for Administration for Children's Services, respondent in Proceeding No. 3.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated February 23, 2018. The order, insofar as appealed from, (1) after a fact-finding hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children Elijah L. J. and Jeremiah L. J., terminated her parental rights with respect to those children, and transferred the guardianship and custody of those children to the Commissioner of Social Services of the City of New York and SCO Family of Services for the purpose of adoption, and (2) granted the motion of the Administration for Children's Services for summary judgment on the issue of whether the mother derivatively neglected the child Azariah J.
ORDERED that the order is affirmed insofar as appealed from, without costs or [*2]disbursements.
Terminating parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the child by reason of the parent's mental illness (see Social Services Law § 384-b[4][c]; Matter of Joyce T., 65 NY2d 39, 48; Matter of David A. H. [George T. J.], 163 AD3d 564, 564-565; Matter of Divinity I.H. [George T.J.], 133 AD3d 601, 601-602; Matter of Karyn Katrina D., 19 AD3d 592).
Here, at the fact-finding hearing, a court-appointed psychologist who interviewed the mother and reviewed relevant records, including medical records, testified that the mother had a long history of psychiatric problems and suffered from bipolar disorder. The psychologist testified that the mother's two older children, Elijah L. J. and Jeremiah L. J., were at risk of being neglected if they were returned to the mother's care due to the nature of her mental illnesses.
We agree with the Family Court's finding that there was clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for her two older children, and the court's determination to terminate the mother's parental rights with respect to those children (see Social Services Law § 384-b[4][c]; Matter of David A. H. [George T. J.], 163 AD3d at 565; Matter of Divinity I.H. [George T.J.], 133 AD3d at 601; Matter of Prince X.R. [Veronica R.], 124 AD3d 899; Matter of Christina L.N. [Louica J.];113 AD3d 777, 777-778; Matter of Tyler M.J. [Adrianna J.], 104 AD3d 768; Matter of Dominique Larissa Blue M. [Yasmin M.], 84 AD3d 962).
" In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists'" (Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1244, quoting Matter of Jamarra S. [Jessica S.], 85 AD3d 803, 804 [internal quotation marks omitted]; see Matter of Madison B. [Daniel B.], 123 AD3d 1027; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679; Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969; Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077). " In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future"' (Matter of Dayyan J.L. [Autumn M.], 131 AD3d at 1244, quoting Matter of Cruz, 121 AD2d 901, 903; see Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077; Matter of Amber C., 38 AD3d 538, 540).
Here, on its motion for summary judgment on the issue of whether the mother derivatively neglected the youngest child, Azariah J., the Administration for Children's Services (hereinafter ACS) established, prima facie, that the mother had not "resolved the issues that resulted in the prior findings of neglect" (Matter of Phoenix J. [Kodee J.], 129 AD3d 603, 603-604; see Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37; Matter of Tradale CC., 52 AD3d 900, 902). The mother failed to raise a triable issue of fact as to whether the "condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Cruz, 121 AD2d at 903; see Matter of Dayyan J.L. [Autumn M.], 131 AD3d at 1245; Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077; Matter of Amber C., 38 AD3d at 540).
Accordingly, we agree with the Family Court's determination to grant ACS's motion for summary judgment.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court