Matter of Sebastian Y. (Alice Y.) (2023 NY Slip Op 01523)

Matter of Sebastian Y. (Alice Y.)

2023 NY Slip Op 01523

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-00529
 (Docket Nos. B-592-21, B-593-21)

[*1]In the Matter of Sebastian Y. (Anonymous). Orange County Department of Social Services, respondent; Alice Y. (Anonymous), etc., appellant. (Proceeding No. 1)
In the Matter of Johnathan S. (Anonymous). Orange County Department of Social Services, respondent; Alice Y. (Anonymous), etc., appellant. (Proceeding No. 2)

Kiel Van Horn, Port Jervis, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Keith Geoffrey Ingber, Thompson Ridge, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated January 6, 2022. The order of fact-finding and disposition, after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the subject children, terminated her parental rights to the subject children, and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In February 2021, the petitioner commenced these proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject children on the grounds of mental illness and intellectual disability. Following a hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the children, terminated the mother's parental rights to the children, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother appeals.
An agency seeking termination of parental rights on the ground of mental illness or intellectual disability must demonstrate by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide [*2]proper and adequate care for [the subject] child who has been in the care of [the] agency for the period of one year immediately prior to the date on which the petition is filed" (id. § 384-b[4][c]; see Matter of Marthina S.J.Z.H.-B.R. [Calvin R.], 198 AD3d 655, 658; Matter of Korah Z.G. [Sandra W.], 189 AD3d 1587, 1587-1588).
Here, the petitioner presented the testimony of an expert forensic psychiatrist who opined that the mother suffered from developmental intellectual disorder and attention deficit hyperactivity disorder, which impaired her parental functioning. The expert testified, among other things, that the mother failed to seek treatment for her attention deficit hyperactivity disorder and exhibited impulsive behavior, which caused her to have an unstable living situation and poor relationships with individuals who could otherwise provide support. The expert also testified that the mother required assistance to keep the children safe during visits. The expert opined that if the children were returned to the mother, they would be at risk of being neglected as a result of the mother's mental conditions. Contrary to the mother's contention, the evidence presented at the hearing established, by clear and convincing evidence, that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the children, and supported the Family Court's determination to terminate the mother's parental rights to the children (see Social Services Law § 384-b[4][c]; Matter of Bethany R. [Bethmarie R.], ___ AD3d ___, ___, 2023 NY Slip Op 00427, *1-2 [2d Dept]; Matter of Christopher T.L. [Sayid L.], 179 AD3d 685, 686).
The mother's contention that the petitioner failed to lay a proper foundation for the testimony of its expert witness is unpreserved for appellate review, as the mother did not object to the admission of the expert's testimony on this ground (see Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645).
Contrary to the mother's further contention, she was not deprived of the effective assistance of counsel. "A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692; see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802). "An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692 [internal quotation marks omitted]; see Matter of Fatoumata A.C. [Amadou C.], 206 AD3d 991, 992). Here, the record does not show that counsel lacked a legitimate, strategic reason for the decisions made as to the conduct of the hearing (see Matter of Fatoumata A.C. [Amadou C.], 206 AD3d at 992; Matter of Grace G. [Gloria G.], 194 AD3d 712, 714-715). Viewed in totality, the record reflects that the mother received meaningful representation (see Matter of Fatoumata A.C. [Amadou C.], 206 AD3d at 992; Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692).
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court