Matter of Layla S. (Alice Y.) (2023 NY Slip Op 06743)

Matter of Layla S. (Alice Y.)

2023 NY Slip Op 06743

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09816
 (Docket No. B-655-22)

[*1]In the Matter of Layla S. (Anonymous). Orange County Department of Social Services, respondent; Alice Y. (Anonymous), etc., appellant.

Samuel Coe, White Plains, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Keith Geoffrey Ingber, Thompson Ridge, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated November 29, 2022. The order of fact-finding and disposition, after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the subject child, terminated her parental rights to the subject child, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In February 2022, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the grounds of mental illness and intellectual disability. Following a hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the child, terminated the mother's parental rights to the child, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
The mother's contention that the Family Court erred in allowing the petitioner's expert in forensic psychiatry to testify about and rely upon out-of-court statements from collateral sources in forming his opinion is largely unpreserved for appellate review (see Matter of Sebastian Y. [Alice Y.], 214 AD3d 893, 894; Matter of Skylar P.J. [Kerry M.T.], 186 AD3d 1687, 1688). Although the court improperly overruled the sole objection to that expert's testimony, which was lodged by the mother's attorney in response to a specific question asked by the attorney for the child during her cross-examination, that error was harmless (see Matter of Bruce P., 138 AD3d 864, 865-866; see also Matter of Omar B., 175 AD2d 834, 834). Under the circumstances, the evidence presented at the hearing established, by clear and convincing evidence, that the mother was presently [*2]and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the child (see Social Services Law § 384-b[4][c]; Matter of Sebastian Y. [Alice Y.], 214 AD3d at 894; Matter of Bruce P., 138 AD3d at 866).
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court