Matter of Megan A. F. (Megan R.) (2024 NY Slip Op 00628)

Matter of Megan A. F. (Megan R.)

2024 NY Slip Op 00628

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-04891
 (Docket No. B-6653-18)

[*1]In the Matter of Megan A. F. (Anonymous). Heartshare St. Vincent's Services, petitioner-respondent; Megan R. (Anonymous), appellant, et al., respondent.

Joan N.G. James, Brooklyn, NY, for appellant.
Wingate Kearney & Cullen, LLP, New York, NY (Ricahrd J. Cea of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated June 10, 2022. The order of fact-finding and disposition, insofar as appealed from, after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated her parental rights to the subject child, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In March 2018, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of mental illness. Following a hearing, the Family Court, among other things, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, terminated her parental rights to the child, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
An agency seeking termination of parental rights on the ground of mental illness or intellectual disability must demonstrate by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for [the subject] child who has been in the care of [the] agency for the period of one year immediately prior to the date on which the petition is filed" (id. § 384-b[4][c]; see Matter of Sebastian Y. [Alice Y.], 214 AD3d 893, 893). For the purpose of Social Services Law § 384-b, "'mental illness' means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger [*2]of becoming a neglected child as defined in the family court act" (id. § 384-b[6][a]). "Where the petition is premised on a parent's inability to care for the child[ ] by reason of mental illness, the mere possibility that the parent's condition may improve does not preclude termination of parental rights" (Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 755).
Here, a psychologist interviewed the mother, reviewed the mother's records, including prior mental health evaluations, and concluded that she suffers from severe post-traumatic stress disorder, bipolar disorder, and personality disorder with antisocial, paranoid, and borderline features. The psychologist opined that due to, among other things, the mother's history of emotional instability and disregard for the safety of the child and her siblings and the inadequate reduction in the mother's symptoms during her intermittent compliance with mental health treatment in the past, the child would be at risk of neglect or abuse if placed in the mother's care. Contrary to the mother's contention, this evidence established by clear and convincing evidence that she was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, and supported the Family Court's determination to terminate the mother's parental rights to the child (see Matter of Sebastian Y. [Alice Y.], 214 AD3d at 893-894; Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d at 756).
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court