Matter of Bella S. (Alice Y.-S.) (2024 NY Slip Op 01718)

Matter of Bella S. (Alice Y.-S.)

2024 NY Slip Op 01718

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-02584
 (Docket No. B-2944-19)

[*1]In the Matter of Bella S. (Anonymous). Orange County Department of Social Services, respondent; Alice Y.-S. (Anonymous), appellant.

Samuel Coe, White Plains, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), dated March 12, 2021. The order of fact-finding and disposition, after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In June 2019, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the grounds of mental illness and intellectual disability. Following a hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness and intellectual disability, to provide proper and adequate care for the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
An agency seeking termination of parental rights on the ground of mental illness or intellectual disability must demonstrate by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for a child who has been in the care of [the] agency for the period of one year immediately prior to the date on which the petition is filed" (id. § 384-b[4][c]; see Matter of Sebastian Y. [Alice Y.], 214 AD3d 893, 893).
Here, the evidence presented at the hearing established, by clear and convincing evidence, that the mother was presently and for the foreseeable future unable, by reason of mental [*2]illness and intellectual disability, to provide proper and adequate care for the child, and supported the Family Court's determination to terminate the mother's parental rights to the child (see Social Services Law § 384-b[4][c]; Matter of Sebastian Y. [Alice Y.], 214 AD3d at 893-894).
The mother's contention that the Family Court erred in commencing the hearing in her absence is unpreserved for appellate review, as her attorney failed to object or request an adjournment. In any event, the contention is without merit, since, under the circumstances, the court providently exercised its discretion in proceeding in the mother's absence on the first date of the hearing (see Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605, 606; Matter of Demetrious L.K. [James K.], 157 AD3d 796, 797). Contrary to the mother's contention, she was not deprived of due process due to the court proceeding in her absence (see Matter of Demetrious L.K. [James K.], 157 AD3d at 797; Matter of Sean P.H. [Rosemarie H.], 122 AD3d 850, 851).
The mother's contention that the Family Court erred in continuing the hearing after it relieved the law firm that represented her on the first date of the hearing is without merit. Under the circumstances, which included the mother's confirmation that she no longer wanted the firm to represent her and that she wanted the court to reassign an attorney who had previously represented her, the court did not improvidently exercise its discretion in permitting the firm to withdraw (see Alvarado-Vargas v 6422 Holding Corp., 85 AD3d 829, 830; Ben-Yu Zhan v Sun Wing Wo Realty Corp., 208 AD2d 668, 668). Moreover, contrary to the mother's contention, she suffered no prejudice by the court's decision to permit the firm to withdraw since the attorney who represented the mother on the first date of the hearing was no longer with the firm.
The mother's contention that the forensic psychiatrist's opinion, as set forth in his testimony and report, was improperly admitted into evidence to the extent that it relied, inter alia, on collateral sources absent a proper foundation is unpreserved for appellate review, since the mother did not object to the admission of the psychiatrist's testimony or report (see Matter of Layla S. [Alice Y.], 222 AD3d 982, 982; Matter of Sebastian Y. [Alice Y.], 214 AD3d at 894). In any event, under the circumstances, any error in this regard was harmless (see Matter of Layla S. [Alice Y.], 222 AD3d at 982; Matter of Bruce P., 138 AD3d 864, 865).
Contrary to the mother's contention, she was not deprived of the effective assistance of counsel. "A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act § 262[a][iv]), which encompasses the right to the effective assistance of counsel" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692; see Matter of Sebastian Y. [Alice Y.], 214 AD3d at 894). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943; see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802). Here, viewed in totality, the record reflects that the mother received meaningful representation (see Matter of Sebastian Y. [Alice Y.], 214 AD3d at 894; Matter of Fatoumata A.C. [Amadou C.], 206 AD3d 991, 992).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court