Matter of Fraser v Miller (2025 NY Slip Op 04725)

Matter of Fraser v Miller

2025 NY Slip Op 04725

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-05443
 (Docket Nos. V-55460-10/22E, V-2248-14/22C)

[*1]In the Matter of Paul Fraser, respondent,
v
Tara Miller, appellant.

Kelli M. O'Brien, Goshen, NY, for appellant.
Paul N. Weber, Cornwall, NY, for respondent.
Steven P. Forbes, Huntington, NY, attorney for the child R. J. M.
Karen M. Jansen, White Plains, NY, attorney for the child B. J. M.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated June 2, 2023. The order, after a hearing, granted the father's petition to modify an order of custody of the same court (Andrew P. Bivona, J.) dated December 16, 2010, and an order of the same court dated October 27, 2014, to the extent of awarding the parties joint legal custody of the parties' children and awarding the father primary residential custody of the parties' children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married to each other, are the parents of two minor children. In an order dated December 16, 2010 (hereinafter the 2010 order), entered prior to the birth of the parties' second child, the Family Court granted the mother sole physical and legal custody of the parties' eldest child with parental access to the father. Thereafter, in an order dated October 27, 2014 (hereinafter the 2014 order), the court granted the father parental access with both children, and, in effect, granted the mother sole legal and physical custody of both children.
In January 2022, the father commenced a family offense proceeding against the mother and filed a petition to modify the 2010 order and the 2014 order so as to award him sole physical custody of the children (hereinafter the modification petition). During a hearing, the Family Court dismissed the father's family offense petition. In an order dated June 2, 2023, after the hearing, the court granted the father's modification petition to the extent of awarding the parties joint legal custody of the children and awarding the father primary residential custody of the children. The mother appeals.
"To modify an existing court-ordered custody or parental access arrangement, 'there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child[ren]'" (Matter of Lubrico v Lubrico, 213 AD3d 666, 667, quoting Matter of Currie v Follini, 209 AD3d 649, 650; see Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). The party seeking the modification has the "burden of demonstrating that circumstances have [*2]changed since the initial custody determination to the extent that modification is necessary to insure the child[ren]'s best interests" (Matter of Boone-Robinson v Robinson, 226 AD3d 892, 892 [internal quotation marks omitted]). "The best interests of the child[ren] must be determined by a review of the totality of the circumstances" (Matter of Cook v Perez, 215 AD3d 960, 962; see Matter of Cabano v Petrella, 169 AD3d 901, 902). "'The Family Court is in the best position to evaluate the credibility of the witnesses and its determination should not be disturbed unless it lacks a sound and substantial basis in the record'" (Matter of Mahoney v Hughes, 227 AD3d 908, 909, quoting Matter of Piece v Caputo, 214 AD3d 877, 879).
Initially, the mother correctly contends that the Family Court improperly admitted a forensic report into evidence at the hearing, since it was unsworn, inadmissible hearsay (see Matter of Mackay v Bencal, 230 AD3d 691, 694; Matter of Bruce P., 138 AD3d 864, 865). However, this evidentiary error was harmless, as there was a sound and substantial basis in the record for the court's determination without consideration of the materials in question (see Matter of Chloe S. [Jane Z.], 138 AD3d 867, 868; Matter of Bruce P., 138 AD3d at 865-866).
Moreover, contrary to the mother's contention, the Family Court providently exercised its discretion in conforming the pleadings to the proof, as the mother was afforded a sufficient opportunity to defend against the allegations not alleged in the modification petition (see Family Court Act § 165[a]; CPLR 3025[c]; Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1015) and was neither surprised nor prejudiced by the amendment to the modification petition, as the mother testified to the facts constituting the change in circumstances (see Matter of Mack v Grizoffi, 13 AD3d 912, 913).
The Family Court's determination to grant the modification petition had a sound and substantial basis in the record (see Matter of Mahoney v Hughes, 227 AD3d at 909; Matter of Martinez v Gaddy, 223 AD3d 816, 818). Among other things, the testimony adduced at the hearing established a change in circumstances in that a fire occurred at the mother's home, causing her to relocate with the children to a hotel room, and that the mother's housing and employment have remained unstable. Moreover, the evidence demonstrated, inter alia, that the mother's unstable housing and decline in functioning as a parent were detrimental to the welfare of the children, whereas the father was more likely to promote stability in the children's lives and to provide for their overall well-being (see Matter of Pierce v Caputo, 214 AD3d at 879).
The mother's remaining contentions are either academic or not properly before this Court.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court