Appeal by the mother from an order of fact-finding and disposition of the Family Court, Queens County (Marybeth S. Richroath, J.), dated May 10, 2016. The order, after a fact-finding hearing, found that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated her parental rights, and placed the child into the joint custody of the Catholic Guardian Services and the Administration for Children’s Services for the purpose of adoption.
 

 Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
 

 Catholic Guardian Services (hereinafter the agency) commenced this proceeding to terminate the mother’s parental rights. After a fact-finding hearing, the Family Court found that, pursuant to Social Services Law § 384-b (4) (c), the mother is presently and for the foreseeable future unable to care for the subject child, terminated her parental rights, and placed the child into the joint custody of the agency and the Administration for Children’s Services for the purpose of adoption. The mother appeals.
 

 In a proceeding to terminate parental rights on the ground of mental illness, the Family Court’s inquiry is as to whether the agency has proven by clear and convincing evidence that the parent is “presently and for the foreseeable future unable, by reason of mental illness ... to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed” (Social Services Law § 384-b [4] [c]). Here, the agency presented the uncontroverted testimony of its expert psychiatrist, who conducted an evaluation of the mother and reviewed her extensive mental health records dating from 2004 to 2014. He diagnosed the mother with “schizophrenia spectrum,” “other psychotic disorders,” “mood disorder,” and “other specified depressive disorder,” in addition to neurological impairment due to epilepsy and borderline intellectual functioning. The record further showed that the mother had limited insight into her condition, a longstanding pattern of only intermittent compliance with medication and psychotherapy treatment, and recurrent hospitalizations. Moreover, the mother had almost no insight into the health problems of the child, and the agency’s expert further testified that because of the mother’s mental illness, the child would be in danger of becoming neglected if he were returned to her care. Accordingly, the Family Court correctly found that there was clear and convincing evidence that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, and terminated her parental rights (see Social Services Law § 384-b [3] [g] [i]; [4] [c]; [6] [a]; Matter of Zachary R. [Duane R.], 118 AD3d 1479 [2014]; Matter of Diante B. [Kelly B.], 75 AD3d 599, 600 [2010]; Matter of Mercedes W.R. [Ellen C.], 69 AD3d 638 [2010]).
 

 Rivera, J.R, Hall, Roman and Christopher, JJ., concur.