Matter of Alicia K. (Cain K.) (2018 NY Slip Op 08656)





Matter of Alicia K. (Cain K.)


2018 NY Slip Op 08656


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-07770
 (Docket Nos. B-221-17, B-222-17, B-223-17, B-224-17, B-225-17, B-226-17)

[*1]In the Matter of Alicia K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Justin K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Quadir K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Sincere K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 4)
In the Matter of Talib K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 5)
In the Matter of Teresa K. (Anonymous). Nassau County Department of Social Services, respondent; Cain K. (Anonymous), appellant. (Proceeding No. 6)


William A. Sheeckutz, East Meadow, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi M. Kunzig and Robert F. Van der Waag of counsel), for respondent.
Brynde Berkowitz, East Meadow, NY, attorney for the children Alicia K., Quadir [*2]K., and Teresa K.
Janice Peretzman, Melville, NY, attorney for the children Justin K., Sincere K., and Talib K.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated July 7, 2017. The order, after a fact-finding hearing, found that the father was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children, terminated his parental rights, and transferred custody of the subject children to the Nassau County Department of Social Services for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
On March 12, 2015, the six subject children were removed from the mother's care and placed in the care of the Nassau County Department of Social Services (hereinafter the DSS) due to housing issues, including lack of heat and running water, and truancy issues. The father had been incarcerated at the time the children were removed from the mother's care. In January 2017, the DSS commenced these proceedings to terminate the father's parental rights on the ground, inter alia, of mental illness. At a fact-finding hearing, the DSS presented testimony of two caseworkers who were assigned to the children's cases and the expert psychologist who was assigned by the Family Court to perform a forensic evaluation of the father. The DSS witnesses testified that the father was angry and hostile, and that his mental health condition rendered him incapable of providing proper and adequate care to the children presently or in the foreseeable future. The father testified that he had an anger problem and mood swings even though he was currently being compliant with taking his medication and undergoing psychotherapy. However, the father insisted that he was not a physical danger to the children or anyone else, and that his anger could not affect the children. The father, who had five different attorneys assigned to him over the course of the proceedings, was defiant with regard to the Family Court's requests, left the courtroom without the court's permission on several occasions, and refused to arrive to court by 9:00 a.m. for scheduled court appearances. After the hearing, the court found that the father was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, terminated his parental rights, and transferred custody of the children to the DSS for the purpose of adoption. The father appeals.
In a proceeding to terminate parental rights on the ground of mental illness, the Family Court's inquiry is whether the agency has proven by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (Social Services Law § 384-b[4][c]).
Here, the DSS presented the uncontroverted testimony of its expert psychologist, who conducted an evaluation of the father and reviewed his extensive mental health records. The father had a longstanding diagnosis of bipolar disorder, which the expert confirmed based upon his own clinical observation and evaluation. The record further established that the father had a pattern of noncompliance with medication and psychotherapy treatment, multiple mental-health-related hospitalizations, and limited insight into his condition and how it negatively affects the children. The expert testified that, because of the father's mental illness, the father was presently and for the foreseeable future unable to provide proper and adequate care for the children. In addition, the two DSS caseworkers who were assigned to the children's cases testified that the father exhibited anger, hostility, and distrust towards the DSS and refused to follow his service plan. The father admittedly had angry outbursts in the presence of the children, but he did not believe that witnessing such outbursts would frighten or otherwise cause harm to the children. The father also admitted that, even when compliant with treatment, he still experienced mood swings and anger. Accordingly, we agree with the Family Court's determination to terminate the father's parental rights, as there was clear and convincing evidence that the father was presently [*3]and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children (see Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696; Matter of Bruce P., 138 AD3d 864).
Moreover, there is no merit to the father's contention that the Family Court was biased against him. When a claim of bias is raised, the " inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party'" (Matter of Biancoviso v Barona, 150 AD3d 990, 991, quoting Matter of Davis v Pignataro, 97 AD3d 677, 678). Here, the record contains no evidence of such bias.
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court