Matter of Aliah M. J.-N. (Candice J.--Anna J.) (2020 NY Slip Op 02321)





Matter of Aliah M. J.-N. (Candice J.--Anna J.)


2020 NY Slip Op 02321


Decided on April 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-13230 
2018-14367
 (Docket Nos. B-7800-14, V-1745-14)

[*1]In the Matter of Aliah M. J.-N. (Anonymous). Edwin Gould Services for Children and Families, petitioner-respondent; Candice J. (Anonymous), appellant-respondent, Anna J. (Anonymous), intervenor-respondent-appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Anna J. (Anonymous), respondent-appellant, Candice J. (Anonymous), appellant-respondent, Administration for Children's Services, respondent-respondent, et al., respondent. (Proceeding No. 2)


Barbara J. Caravello, Jamaica, NY, for appellant-respondent.
Marion C. Perry, Brooklyn, NY, for intervenor-respondent-appellant in Proceeding No. 1 and respondent-appellant in Proceeding No. 2.
John R. Eyerman, New York, NY, for petitioner-respondent.
Rayaaz N. Khan, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b and Family Court Act article 6, the maternal great grandmother appeals from a decision of the Family Court, Queens County (Emily Ruben, J.), dated August 23, 2018, and an order of fact-finding and disposition of the same court dated October 11, 2018, and the mother cross-appeals from the order of fact-finding and disposition. The order of fact-finding and disposition, insofar as appealed from, upon the decision, after a hearing, in effect, denied the maternal great grandmother's petition for custody of the child and transferred custody of the child to the Commissioner of Social Services of the City of New York and Edwin Gould Services for Children and Families for the purpose of adoption. The order of fact-finding and disposition, insofar as cross-appealed from, upon the decision, after a hearing, found that it was in the best interests of the subject child to be freed for adoption, terminated the mother's parental rights, and transferred custody of the child to the Commissioner of Social Services of the City of New York and Edwin Gould Services for Children and Families for the purpose of adoption.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Anna J. (hereinafter the mother) and Candice J. (hereinafter the great grandmother) are the mother and the maternal great grandmother, respectively, of the subject child and two half-siblings of the subject child. One of the half-siblings (hereinafter the sibling) was killed in March 2010 by the mother's then paramour, approximately two years before the subject child was born. The sibling, who was 19 months old, died of multiple injuries, including various fractures, internal organ injuries, and bleeding, and was found at the time of her death to have older untreated serious injuries including, inter alia, broken ribs and a broken jaw.
As a result of the death of the sibling and the mother's acts and omissions in connection with the death, in 2010, the Administration for Children's Services (hereinafter ACS) filed a petition pursuant to Family Court Act article 10 against the mother, alleging, inter alia, that the mother had derivatively severely abused the surviving half-sibling (hereinafter the oldest child). The Family Court (Barbara Salinitro, J.) found that the mother had derivatively abused the oldest child, but dismissed the allegation of derivative severe abuse (see Matter of Amirah L., 37 Misc 3d 1003 [Fam Ct, Queens County], revd 118 AD3d 792). On appeal, this Court reversed and found that ACS had proven that the mother severely abused the sibling and derivatively severely abused the oldest child (see Matter of Amirah L. [Candice J.], 118 AD3d 792, 795). These findings were based upon, inter alia, the mother's acts and omissions in failing to immediately summon emergency medical care for the sibling despite the child's grave injuries, providing false and misleading information about the nature and circumstances of the injuries to medical personnel who were trying to save the sibling's life, instructing the oldest child to lie about the circumstances of the injuries, and failing, in the weeks prior to the sibling's death, to seek medical care for the sibling for the earlier untreated serious injuries which, according to a medical expert at the hearing, would have caused the sibling to noticeably display pain and suffer an inability to chew (see id. at 794).
In October 2012, when the mother gave birth to the subject child, the subject child was immediately placed in foster care and ACS filed a petition pursuant to Family Court Act article 10 against the mother, among others, alleging derivative severe abuse of the subject child. Thereafter, the Family Court found that the mother had derivatively severely abused the subject child based on the mother's conduct in connection with the death of the sibling. ACS then moved pursuant to Family Court Act § 1039-b for a finding that reasonable efforts to reunite the mother with the subject child were no longer required. In an order dated January 25, 2018, after a hearing, the Family Court granted ACS's motion. On appeal, this Court affirmed (see Matter of Aliah J. [Candice J.], 174 AD3d 898).
In April 2014, Edwin Gould Services for Children and Families (hereinafter the petitioner) commenced a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights and free the subject child for adoption. The great grandmother filed a petition for custody of the child, and a hearing on her custody petition was consolidated with a dispositional hearing in the termination proceeding. Following the consolidated hearing, the Family Court found that it was in the best interests of the child to be freed for adoption by her foster mother, in effect, denied the great grandmother's petition, terminated the mother's parental rights, and transferred custody of the child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The great grandmother appeals and the mother cross-appeals.
At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147; Matter of Isabella R.W. [Jessica W.], 161 AD3d 990, 991). There is no presumption that those interests will be served best by a return to the biological parent (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d at 147-148; Matter of Isabella R.W. [Jessica W.], 161 AD3d at 991). The court may: (1) dismiss the petition if the allegations are not established; (2) suspend judgment for up to one year; or (3) terminate parental rights, freeing the child for adoption [*2](see Family Ct Act §§ 631, 632[a], 633[b]; Social Services Law § 384-b[8][f]).
Here, we agree with the Family Court's determination that terminating the mother's parental rights and freeing the subject child for adoption by the foster mother was in the child's best interests (see Family Ct Act § 631). Contrary to the mother's contention, a suspended judgment was not appropriate in light of her continued failure to fully acknowledge and accept responsibility for her role in the events leading to the child's removal and the derivative severe abuse finding, and inasmuch as the child has lived with the foster mother and her foster sister for virtually her entire life, is strongly bonded to them, and is well-cared for in their home (see Matter of J., Amina I.M. [Chantilly M.J.], 176 AD3d 938, 939; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 726-727). A suspended judgment would serve only to prolong the delay of stability and permanence in the child's living situation (see Matter of Vincent N.B. [Gregory B.], 173 AD3d at 856).
Contrary to the petitioner's contention, the great grandmother had standing to seek custody of the subject child (see Domestic Relations Law § 72[2][a]; Matter of Bennett v Jeffreys, 40 NY2d 543, 546; Matter of Weiss v Weiss, 161 AD3d 992, 993; Matter of Weiss v Weiss, 142 AD3d 507, 508). However, we agree with the determination to deny her custody petition. Given the child's residence with the foster family for virtually her entire life, and her bond to them and good care in their home, as well as concerns raised by the evidence at the hearing about the impact of the great grandmother's age and medical condition on her ability to physically care for the child, it was in the child's best interests to be freed for adoption by the foster mother rather than be removed to the great grandmother's custody (see Matter of Kadi W. v ACS-Kings, 167 AD3d 757, 758; Matter of Weiss v Weiss, 161 AD3d at 993; Matter of Patricia I.H. v ACS-Kings, 140 AD3d 1165, 1166; Matter of Jade D.S.M.A.S. [Sakina S.O.A.S.], 140 AD3d 1077, 1078).
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court