Matter of Zahyre A. (Faye A.) (2020 NY Slip Op 02778)





Matter of Zahyre A. (Faye A.)


2020 NY Slip Op 02778


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-02885
 (Docket Nos. B-2459-18, B-2460-18)

[*1]In the Matter of Zahyre A. (Anonymous). Orange County Department of Social Services, respondent; Faye A. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ja'faysia M. (Anonymous). Orange County Department of Social Services, respondent; Faye A. (Anonymous), appellant. (Proceeding No. 2)


Alex Smith, Middletown, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated March 1, 2019. The order, insofar as appealed from, after a fact-finding hearing, determined that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children and terminated her parental rights to those children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Orange County Department of Social Services (hereinafter the agency) commenced this proceeding to terminate the mother's parental rights. As is pertinent, after a fact-finding hearing, the Family Court found, pursuant to Social Services Law § 384-b(4)(c), that the mother is presently and for the foreseeable future unable to care for the subject children and terminated her parental rights. The mother appeals.
In a proceeding to terminate parental rights on the ground of mental illness, the Family Court's inquiry is whether the agency has proven by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (Social Services Law § 384-b[4][c]). Here, the agency presented the uncontroverted testimony of its expert psychiatrist, who conducted two forensic evaluations of the mother and reviewed her extensive mental health records [*2]dating from 2006 to 2017, as well as the children's medical records. He opined, to a reasonable degree of medical certainty, that the mother suffered from unspecified personality disorder and related psychogenic non-epileptic seizures, which are essentially pseudo-seizures brought on by the mother's inability to deal with her emotions. The record further showed that the mother virulently disagreed with this diagnosis and would not comply with the recommended psychotherapy treatment. Moreover, because the mother did not believe that she was mentally ill, she could not understand that she amplified her children's weaknesses and fostered pseudo-seizures in them, thus subjecting them to repeated unwarranted medical treatment. The agency's expert further testified that because of the mother's mental illness, the children would be in danger of becoming neglected if they were returned to her care. Accordingly, we agree with the Family Court's finding that there was clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, and determination to terminate her parental rights (see Social Services Law § 384-b[3][g][i]; [4][c]; [6][a]; Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696; Matter of Zachary R. [Duane R.], 118 AD3d 1479; Matter of Diante B. [Kelly B.], 75 AD3d 599, 600; Matter of Mercedes W.R. [Ellen C.], 69 AD3d 638).
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court