Matter of No Given Name W. (Maceba W.) (2020 NY Slip Op 06799)





Matter of No Given Name W. (Maceba W.)


2020 NY Slip Op 06799


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2019-04969
 (Docket No. B-5098-17)

[*1]In the Matter of No Given Name W. (Anonymous), also known as "Female" W. (Anonymous), also known as Mya W. (Anonymous). SCO Family of Services, respondent; Maceba W. (Anonymous), appellant.


Rhea G. Friedman, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Erik S. Pitchal, J.), dated March 13, 2019. The order of fact-finding and disposition, after a fact-finding hearing, found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding to terminate the mother's parental rights to the subject child on the ground of mental illness (see Social Services Law § 384-b[4][c]). After a fact-finding hearing, the Family Court granted the petition. The mother appeals.
"Terminating parental rights on the ground of mental illness requires the petitioning agency to show by clear and convincing evidence that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the child by reason of the parent's mental illness" (Matter of Christopher T.L. [Sayid L.], 179 AD3d 685, 686).
Here, at the fact-finding hearing, the petitioner presented the uncontroverted testimony of an expert court-appointed psychologist who conducted a forensic evaluation of the mother and reviewed her mental health records, as well as a report prepared by the expert. The expert opined that the mother would be unable presently and for the foreseeable future to adequately care for the child by reason of mental illness and that the child would be at risk of becoming a [*2]neglected child if returned to the mother's custody.
We agree with the Family Court's finding that there was clear and convincing evidence that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the child, and the court's determination to terminate the mother's parental rights with respect to the child (see Social Services Law § 384-b[4][c]; Matter of Zahyre A. [Faye A.], 183 AD3d 724; Matter of Christopher T.L. [Sayid L.], 179 AD3d at 686).
The Family Court providently exercised its discretion in not conducting a separate dispositional hearing (see Matter of Joyce T., 65 NY2d 39; Matter of Joseph Lawrence S., 56 AD3d 785).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court