Matter of Margaret K.K. (Alicia A.) (2020 NY Slip Op 07194)





Matter of Margaret K.K. (Alicia A.)


2020 NY Slip Op 07194


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03475
 (Docket Nos. B-762-18, B-763-18, B-764-18, B-765-18)

[*1]In the Matter of Margaret K. K. (Anonymous). Rockland County Department of Social Services, respondent; Alicia A. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Elain K. (Anonymous). Rockland County Department of Social Services, respondent; Alicia A. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of William K. (Anonymous). Rockland County Department of Social Services, respondent; Alicia A. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Patrick T. K. (Anonymous). Rockland County Department of Social Services, respondent; Alicia A. (Anonymous), appellant. (Proceeding No. 4)


Salvatore C. Adamo, New York, NY, for appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child Elain K.
Pat Bonanno, White Plains, NY, attorney for the child Patrick T. K.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated January 14, 2019. The order granted the petitions to terminate the mother's parental rights to the four subject children on the ground of mental illness.
ORDERED that the appeal from so much of the order as granted the petitions to terminate the mother's parental rights as to the children William K. and Margaret K. K. is dismissed as academic, without costs or disbursements, as those children have since reached the age of majority (see Matter of Winston Lloyd D., 7 AD3d 706, 707); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The Rockland County Department of Social Services (hereinafter the petitioner) commenced these proceeding to terminate the mother's parental rights to the four subject children. As is pertinent, after a fact-finding hearing, the Family Court found, pursuant to Social Services Law § 384-b(4)(c), that the mother is presently and for the foreseeable future unable to care for the children and terminated her parental rights. The mother appeals.
Contrary to the mother's contention, the record shows that she was afforded the effective assistance of counsel in connection with this proceeding. '"A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel which encompasses the right to the effective assistance of counsel"' (Matter of Adam M.M., 179 AD3d 801, 802 [citation omitted], quoting Matter of Deanna E.R., 169 AD3d 691, 692; see Family Ct Act § 262[a][iv]; Matter of Ella B., 30 NY2d 352, 356 [1972]). "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943).
"An attorney representing a client is entitled to make 'strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692, quoting People v Colon, 90 NY2d 824, 826). Thus, "what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (People v Rivera, 71 NY2d 705, 708). To prevail on a claim of ineffective assistance of counsel, it is incumbent on the respondent to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (id. at 709; see People v Mendoza, 33 NY3d 414, 418).
In a proceeding to terminate parental rights, the respondent is "entitled to have a court-appointed attorney [present] at [a] court-ordered psychological examination" (Matter of Tiffany S., 302 AD2d 758, 759; see Matter of Alexander L., 60 NY2d 329, 336; Matter of John Lawrence M., 142 AD2d 950, 951). However, the mother did not show that the failure of her counsel to attend the court-ordered psychological examination denied her the effective assistance of counsel in this matter. The record shows that the mother's counsel was provided with notice of the psychological evaluation, received the evaluator's report and conducted a detailed cross-examination of the court-ordered evaluator, and successfully moved for the appointment of an independent psychiatric evaluator. The record, in totality, showed that the mother's counsel provided her with effective representation. Under these circumstances, the mother did not show that she was denied the effective assistance of counsel (see Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802-803; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856; Matter of Deanna E.R. [Latisha M.], 169 AD3d at 692).
In a proceeding to terminate parental rights on the ground of mental illness, the Family Court's inquiry is whether the agency has proven by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (Social Services Law § 384-b[4][c]; see Matter of Joyce T., 65 NY2d 39, 48; Matter of Zahyre A. [Faye A.], 183 AD3d 724, 724-725; Matter of Christopher T.L. [Sayid L.], 179 AD3d 685, 686).
The petitioner presented the testimony of an expert psychiatrist who conducted a forensic evaluation of the mother and reviewed records, including mental health records. That expert psychiatrist opined that the mother suffered from bipolar disorder, attention deficit-hyperactivity disorder, and post-traumatic stress disorder. The mother's treating therapist, a licensed social worker, did not testify to a diagnosis of bipolar disorder. However, that therapist testified that the mother suffered from major depressive disorder, anxiety disorder NOS, and attention deficit-hyperactivity disorder.
The record showed, inter alia, that at the time of the hearing, the mother resided in a supportive facility for adults with mental-health challenges, and she was not employed. The mother's treating therapist testified that the mother's mental health challenges are related to prior "significant" trauma. That therapist also testified that the mother has made progress in addressing these mental health challenges in therapy. The record showed, inter alia, that shortly prior to the hearing, the mother had moved to an apartment in a program with less-intensive support, and that the mother had been placed on a waiting list for a residence where she would be permitted to live with children.
However, as the Family Court found, the expert forensic psychiatrist testified, essentially, that the mother continued to lack insight into the emotional needs of the subject children. The treating therapist testified that as of the hearing date, the mother's treatment was focused on her own mental health issues. That treating therapist acknowledged that as of the time of the hearing, "mental health barriers" to reunification continued to exist. The treating therapist did not opine that the mother would be able to properly and adequately care for the children, at any definite future point. The expert psychiatrist testified that the children would be neglected if left in the care of the mother, for the foreseeable future.
Under these circumstances, we agree with the Family Court's finding that there was clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children, and determination to terminate her parental rights (see Matter of Zahyre A. [Faye A.], 183 AD3d at 725; Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696, 697; Matter of Zachary R. [Duane R.], 118 AD3d 1479).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court