Matter of Kasimir Lee D. (Jasmaine D.) (2021 NY Slip Op 05559)





Matter of Kasimir Lee D. (Jasmaine D.)


2021 NY Slip Op 05559


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-07320
2020-07321
 (Docket No. B-505-18)

[*1]In the Matter of Kasimir Lee D. (Anonymous), etc. New York Foundling Hospital, respondent; Jasmaine D. (Anonymous), appellant.


Mark Diamond, New York, NY, for appellant.
Daniel Gartenstein, Long Island City, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Raymond E. Rogers of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from (1) a decision of the Family Court, Richmond County (Karen Wolff, J.), dated December 3, 2019, and (2) an order of fact-finding and disposition of the same court dated August 24, 2020. The order of fact-finding and disposition, upon the decision and after fact-finding and dispositional hearings, found that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Administration for Children's Services and the petitioner for the purpose of adoption.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject child was born in December 2014. Soon thereafter, he was removed from the care of the mother and placed into the custody of the Commissioner of Social Services of the City of New York. In January 2018, the New York Foundling Hospital (hereinafter the agency) filed a petition seeking to terminate the mother's parental rights and to transfer guardianship and custody of the child to the agency for the purpose of adoption. Following a fact-finding hearing, the Family Court determined that the agency established by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, who had been in the agency's care for the statutory one-year period. Following a dispositional hearing, the court transferred guardianship and custody of the child to the Commissioner of the Administration for Children's Services and the agency for the purpose of adoption. The mother appeals.
The mother's contention that the petition was jurisdictionally defective is unpreserved for appellate review (see Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 631). In any event, the contention is without merit.
In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b(4)(c), the agency must prove by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed" (see Matter of William S.L. [Julio A.L.], 195 AD3d 839, 841; Matter of Zahyre A. [Faye A.], 183 AD3d 724, 724-725). For the purpose of Social Services Law § 384-b, "'mental illness' means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act" (see Matter of William S.L. [Julio A.L.], 195 AD3d at 841-842). Where the petition is premised on the parent's inability to care for the children by reason of mental illness, the mere possibility that the parent's condition may improve does not preclude termination of parental rights (see id. at 842).
Here, a psychologist interviewed and tested the mother and concluded that she suffers from schizoaffective disorder. The psychologist opined that due to, among other things, the mother's history of noncompliance with treatment, the mother is presently and for the foreseeable future unable to provide proper and adequate care for the child. This evidence, which was substantiated by the mother's medical records, established by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (see Social Services Law § 384-b; Matter of Dieurison T. [Jean T.], 152 AD3d 609, 609-610).
"At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child" (Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d 557, 559; see Family Ct Act § 631; Matter of William S.L. [Julio A.L.], 195 AD3d at 843). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611 [internal quotation marks omitted]; see Matter of William S.L. [Julio A.L.], 195 AD3d at 843). At disposition, "[t]here is no presumption that those interests will be served best by a return to the biological parent" (Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d at 559; see Matter of William S.L. [Julio A.L.], 195 AD3d at 843).
Here, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and to free him for adoption by his foster parents, with whom he has lived for the vast majority of his life (see Matter of William Z. [Millie A.S.], 123 AD3d 937, 938).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court