Matter of Bethany R. (Bethmarie R.) (2023 NY Slip Op 00427)

Matter of Bethany R. (Bethmarie R.)

2023 NY Slip Op 00427

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-05270
 (Docket No. B-4255-20)

[*1]In the Matter of Bethany R. (Anonymous). Nassau County Department of Social Services, respondent; Bethmarie R. (Anonymous), appellant.

Carol J. Lewisohn, Woodmere, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert V. Van der Waag and Samantha A. Goetz of counsel), for respondent.
Amy L. Colvin, Huntington, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated June 21, 2021. The order, after a fact-finding hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated her parental rights to the subject child, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2020, the petitioner, the Nassau County Department of Social Services, commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of mental illness. In an order dated June 21, 2021, made after a fact-finding hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, terminated the mother's parental rights to the child, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
"In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b(4)(c), the agency must prove by clear and convincing evidence that the parent is 'presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed'" (Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 755; see Matter of William S.L. [Julio A.L.], 195 AD3d 839, 841).
The petitioner presented the uncontroverted testimony of expert psychologists who opined that the mother suffered from severe and chronic mental illness which impaired her parental functioning, and that her prognosis was poor, due, in part, to her lack of insight into her mental [*2]health issues, including her belief that she does not suffer from any mental health disorder. The psychologists further opined that if the child were returned to the mother, the child would be at risk of being neglected due to the nature of the mother's illness (see Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 714). The evidence presented at the fact-finding hearing established, by clear and convincing evidence, that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (see Social Services Law § 384-b[4][c]; Matter of No Given Name W. [Maceba W.], 188 AD3d 1078, 1079; Matter of Zahyre A. [Faye A.], 183 AD3d 724, 725). The evidence also adequately supports the Family Court's determination to terminate the mother's parental rights to the child (see Matter of No Given Name W. [Maceba W.], 188 AD3d at 1079).
Contrary to the mother's contention, under the circumstances of this case, the Family Court did not improvidently exercise its discretion in declining to hold a separate dispositional hearing (see Matter of Joseph Lawrence S., 56 AD3d 785, 786).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court