Matter of Christopher C. (Sonia C.) (2025 NY Slip Op 00959)

Matter of Christopher C. (Sonia C.)

2025 NY Slip Op 00959

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-08333
 (Docket No. B-3391-21)

[*1]In the Matter of Christopher C. (Anonymous). New Alternatives for Children, Inc., petitioner- respondent; Sonia C. (Anonymous), appellant, et al., respondent.

Brooklyn Defender Services, Brooklyn, NY (Deborah Frankel and Amy Mulzer of counsel), for appellant.
Dawn M. Shammas, New York, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoe Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated August 30, 2023. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following a fact-finding hearing, at which the mother testified, the Family Court found, among other things, that the mother permanently neglected the child. Following a dispositional hearing, the court terminated the mother's parental rights and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d 1314, 1314 [internal quotation marks omitted]; see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the [*2]parents of the child's progress and development" (Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d at 1314-1315 [internal quotation marks omitted]; see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725). "However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments" (Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842 [internal quotation marks omitted]; see Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 775). Moreover, a parent's "mere participation in classes and programs [is] not enough to meet the requirement to plan for the children's future when he [or she does] not benefit from the services, programs, and support offered and [does] not utilize the tools or lessons learned in those classes in order to successfully plan for the children's future" (Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; see Matter of Aniya L. [Samantha L.], 124 AD3d 1001, 1004). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (Matter of Dynasty S.G. [Paula G.], 228 AD3d 657, 658 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 681). A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future (see Matter of Dynasty S.G. [Paula G.], 228 AD3d at 658; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 681).
Here, the petitioner met its burden of establishing that the mother permanently neglected the child. Contrary to the mother's contention, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[3][g][i]; [7][a]; Matter of Alonso S.C.O. [Angela O.M.], 211 AD3d 952, 954; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 726). Those efforts included scheduling and facilitating parental access; providing referrals to programs for the mother, including mental health services, medication management, dyadic therapy sessions with the child, and parenting classes; providing the mother with support to secure permanent housing; monitoring the mother's participation in services; meeting with the mother to review her service plan; and encouraging the mother to comply with her service plan. Despite the petitioner's efforts, although the mother attempted to comply with her service plan, she failed to plan for the child's safe return, as she failed to gain insight into the issues that caused the child's removal from her care and were preventing his return to her care (see Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Himallay M.F.G. [Cherry A.G.], 141 AD3d 521, 521). Further, the mother failed to learn and benefit from the programs she attended (see Matter of Joelle V.H. [Salvatore R.], 227 AD3d 1077, 1078; Matter of Omarie S.B. [Evan J.], 137 AD3d 902, 903).
"At the dispositional stage of a proceeding to terminate parental rights, the court focuses solely on the best interests of the child" (Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 756 [internal quotation marks omitted]; see Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d 557, 559). "The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611 [internal quotation marks omitted]; see Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d at 756). "There is no presumption that those interests will be served best by a return to the biological parent" (Matter of Aliah M.J.-N. [Candice J.—Anna J.], 182 AD3d at 559; see Matter of William S.L. [Julio A.L.], 195 AD3d at 843). "A suspended judgment . . . is permitted only where the court determines that such disposition is in the children's best interests" (Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766, 768; see Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1004).
Here, the Family Court properly determined that termination of the mother's parental rights was in the child's best interests (see Matter of Malazah W. [Antoinette W.], 206 AD3d at 1004; Matter of Davon K.W. [Lissette N.C.], 187 AD3d at 768). Moreover, a suspended judgment was not appropriate in light of concerns over the mother's ability to safely care for the child (see Matter of Joelle V.H. [Salvatore R.], 227 AD3d at 1078; Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d at 755-756; Matter of Alfonso J.C. [Jamie A.], 188 AD3d 1196, 1197).
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court