Matter of Jamari O.C. (Zarinah C.) (2025 NY Slip Op 03568)

Matter of Jamari O.C. (Zarinah C.)

2025 NY Slip Op 03568

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01625
 (Docket No. B-2058-22)

[*1]In the Matter of Jamari O. C. (Anonymous). Rockland County Department of Social Services, respondent; Zarinah C. (Anonymous), appellant.

Eric Ole Thorsen, New City, NY, for appellant.
Thomas E. Humbach, County Attorney, Pomona, NY (Barbara M. Wilmit of counsel), for respondent.
Legal Aid Society of Rockland County, New City, NY (Lilian Arthur of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Rockland County (Keith J. Cornell, J.), dated January 2, 2024. The order of fact-finding and disposition, after a hearing, found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In August 2022, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of mental illness. Following a hearing, the Family Court found that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption. The mother appeals.
An agency seeking termination of parental rights on the ground of mental illness or intellectual disability must demonstrate by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness or intellectual disability, to provide proper and adequate care for a child who has been in the care of [the] agency for the period of one year immediately prior to the date on which the petition is filed" (id. § 384-b[4][c]; see Matter of Bella S. [Alice Y.-S.], 225 AD3d 883, 883). For the purpose of Social Services Law § 384-b, "'mental illness' means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act" (id. § 384-b[6][a]; see Matter of [*2]Megan A.F. [Megan R.], 224 AD3d 684, 684-685).
Here, the petitioner presented the testimony of an expert psychologist, who personally interviewed and conducted psychological testing on the mother and concluded that she suffers from schizoaffective disorder. The psychologist opined that due to, among other things, the mother's history of noncompliance with treatment and lack of insight into her mental heath needs, the mother is presently and for the foreseeable future unable to provide proper and adequate care for the child. The psychologist further opined that if the child were returned to the mother, the child would be at risk of being neglected due to the nature of the mother's illness. The evidence presented at the hearing established, by clear and convincing evidence, that the mother was presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child and supported the Family Court's determination to terminate the mother's parental rights to the child (see Matter of Bethany R. [Bethmarie R.], 213 AD3d 676, 677; Matter of Kasimir Lee D. [Jasmaine D.], 198 AD3d 754, 756; Matter of Eliyah I.M. [Angel C.M.], 154 AD3d 696, 697). Contrary to the mother's contention, the psychologist's evaluation was not stale (see Matter of Edward E.M. [Edward M.], 222 AD3d 527, 528; Matter of Brianna K.R. [Bernard R.], 199 AD3d 500, 501-502).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court