Matter of Pierce v Joyner (2025 NY Slip Op 04250)

Matter of Pierce v Joyner

2025 NY Slip Op 04250

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-06421
 (Docket No. V-20011-23)

[*1]In the Matter of Jacqueline Pierce, respondent, 
v
Tamika Joyner, appellant.

Christian P. Myrill, Jamaica, NY, for appellant.
Lauri Gennusa, Laurelton, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated July 2, 2024. The order, after a hearing, granted the petition of Jacqueline Pierce for sole legal and physical custody of the subject child, and directed that the mother shall have parental access with the child supervised by an adult mutually agreed upon between the parties.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing that the mother shall have parental access with the child supervised by an adult mutually agreed upon between the parties; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
In November 2023, while a neglect proceeding was pending against the mother pursuant to Family Court Act article 10, Jacqueline Pierce, a non-family member who had been raised by the mother's stepmother, had known the mother since childhood, and had known the subject child since he was an infant, commenced this proceeding pursuant to Family Court Act article 6 for custody of the child. After a dispositional hearing in the neglect proceeding, the Family Court, upon the mother's consent, inter alia, placed the child with Pierce. The mother has not appealed from the orders issued in the neglect proceeding. In this proceeding, in an order dated July 2, 2024, after a hearing, the court granted Pierce's petition for sole legal and physical custody of the child and directed that the mother shall have parental access with the child supervised by an adult mutually agreed upon between the parties. The mother appeals.
The mother's contention that Pierce lacked standing to petition for custody of the child because Pierce is a foster parent is unpreserved for appellate review as the mother failed to raise it before the Family Court (see Matter of Castillo v Luke, 63 AD3d 1222, 1223; Matter of Diaz v Santiago, 8 AD3d 562, 563). In any event, Family Court Act § 1055-b allows a "suitable person," such as Pierce, to seek custody of the child under certain conditions, which have been met in this case (see id. § 1055-b[a][i-iii]). The mother's contention that the custody petition failed to state a [*2]cause of action is unpreserved for appellate review as she failed to move to dismiss the petition or to otherwise raise the matter before the Family Court (see Matter of Daniel P. [Donna P.], 236 AD3d 796, 797; Matter of Deegan v Deegan, 35 AD3d 736, 736-737).
The Family Court correctly determined that Pierce established the existence of "extraordinary circumstances" such that the mother relinquished her superior right to custody. "[In a child custody dispute] between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or similar extraordinary circumstances" (Matter of Jamison v Britton, 141 AD3d 522, 524; see Matter of Bennett v Jeffreys, 40 NY2d 543, 546). Here, the evidence established the mother's persistent neglect of the child, including her continued inability to control her temper, her words, and her actions in front of the child, including refusing to abide by the supervising agency's rules. These behaviors, together with the mother's relatively recent relapse from sobriety necessitating hospitalization, demonstrated that she persistently neglected the child and failed to gain insight into the problems that led to the child's removal (see Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d 820, 821). Moreover, Pierce demonstrated that she had amply provided for the child's physical, emotional, and financial needs for an extended period of time (see Matter of Robinson v McNair, 90 AD3d 759, 760).
Contrary to the mother's contention, the Family Court's determination that an award of custody of the child to Pierce was in the child's best interest has a sound and substantial basis in the record (see Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489; Matter of Brown v Elfaiz, 191 AD3d 871). The record established that the child has been living with Pierce and her family for over two years, and Pierce has proven herself to be a stable influence in the child's life, including being the child's primary caregiver, providing a home, food, clothing, medical and dental needs, and engaging the child in tutoring and school recreational activities.
Contrary to the mother's contention, she was not deprived of the effective assistance of counsel. "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Keuleman v Earp, 188 AD3d 1063, 1063 [internal quotation marks omitted]). Here, the mother failed to establish the absence of strategic or other legitimate explanations for some of her counsel's alleged shortcomings, and the record, in totality, showed that the mother's counsel provided her with effective representation (see Matter of Picitelli v Carbone, 208 AD3d 582, 585; Matter of Margaret K.K. [Alicia A.], 189 AD3d 834, 835-836).
However, "[a] court may not delegate its authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein 175 AD3d 686, 687; see Matter of Cornielle v Rosado, 231 AD3d 824). Here, the Family Court improperly delegated the determination of the mother's parental access to the mother and Pierce. The record reflects that the relationship between Pierce and the mother has deteriorated and reveals troubling interactions between the parties, including one alleged instance where Pierce prevented the mother from visiting the child during a scheduled visitation. Accordingly, we remit the matter to the Family Court, Queens County, to expeditiously establish both a supervisor for the mother's parental access with the child as well as a specific schedule for the mother's parental access in accordance with the best interests of the child that shall be observed by both the mother and Pierce (see Matter of Shah v Shah, 186 AD3d 1692, 1694; Matter of Mondschein v Mondschein, 175 AD3d at 688).
The mother's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court